UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

TIMOTHY ECKERT,

       Plaintiff,

    v.                            24-CV-1203 (JLS) (MJR)

MICHAEL PAUL, WILLIAM NELSON,
AUDUSTUS BATCHO, CHAD
LASHER, CORY LASHER,
CARMELLO ARROYO, LOUIS
MALONE, and JOHN DOE 1-4,

       Defendants.

_____

**<u>DECISION AND ORDER</u>**

*Pro se* Plaintiff Timothy Eckert commenced this action on October 25, 2024,

alleging claims of defamation, civil conspiracy under the Racketeer Influenced and

Corrupt Organization ("RICO") Act, 18 U.S.C. § 1962(c), civil conspiracy, and willful

infliction of emotional distress against several individuals who are, or were,

employed by General Motors in Lockport, New York. *See* Dkt. 1-1. On December 6,

2024, Defendants removed this action to this Court based on federal question

jurisdiction. Dkt. 1. The case has been referred to United States Magistrate Judge

Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C).

Dkt. 4.

    Plaintiff has filed several motions, namely: a motion to compel non-party

United Auto Workers to comply with a subpoena, Dkt. 75; a motion to amend the

Complaint, Dkt. 77; and a motion for sanctions, Dkt. 94. On May 13, 2026, Judge Roemer issued a Report, Recommendation, and Order ("R&R"), which: (1) recommended that this Court deny Plaintiff's [77] motion for leave to amend his complaint; (2) ordered that Plaintiff's [75] motion to compel compliance with a subpoena is denied; and (3) ordered that Plaintiff's [94] motion for sanctions is denied. *See* Dkt. 106.

Plaintiff objected to the R&R. Dkt. 109. He argues that the R&R erroneously denied his [77] motion for leave to amend the Complaint. *Id.* at 5-9.[1] Defendants opposed the objections, Dkt. 114, and Plaintiff replied. Dkt. 115.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). And it must modify or set aside any part of a magistrate judge's order that is clearly erroneous or is contrary to law. *See* Fed. R. Civ. P. 72(a). An order "is clearly erroneous or contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tracy v. NVR, Inc.*, 791 F. Supp. 2d 340, 342 (W.D.N.Y. 2011) (internal quotation marks and citation omitted). Neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to

---

[1] Page numbers refer to the CM/ECF generated numbering in the header of each page.

2

review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R and the relevant record. Based on its *de novo* review of the R&R's recommendations, and its review for clear error of the R&R's orders, the Court accepts and adopts Judge Roemer's recommended dispositions of Plaintiff's motions and affirms his orders.

For the reasons stated above and in the R&R, the Court DENIES Plaintiff's [77] motion to amend his Complaint as moot. The balance of the R&R is affirmed.

The Court refers the case back to Judge Roemer for further proceedings consistent with the referral order at Dkt. 4.

SO ORDERED.

Dated:     July 1, 2026
          Buffalo, New York

                             JOHN L. SINATRA, JR.
                             UNITED STATES DISTRICT JUDGE

3